UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11 CR 121 |
| | ) | |
| CHRISTOPHER BUNCH | ) | |

## OPINION and ORDER

This matter is before the court on defendant's motion for compassionate release

pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 43.) For the

reasons that follow, the motion is denied.

## I.   BACKGROUND

In 2011, defendant was arrested and charged with production of child

pornography. (DE # 1.) Defendant entered a guilty plea (DE # 24), and Judge Rudy

Lozano sentenced defendant to 408 months in prison (DE # 39). Defendant is currently

incarcerated at Marion USP, with a projected release date of August 17, 2040. *Find an*

*inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Apr.

27, 2022).

Defendant filed a *pro se* motion for a reduction in his term of imprisonment

pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 43.) The undersigned referred the motion

to the Northern District of Indiana Federal Community Defenders (FCD) to determine

whether he may be eligible for a reduction in sentence in accordance with Section 603 of

the First Step Act (DE # 45), but the FCD filed a status report stating that it was unable to

assist defendant (DE # 46). The Government opposes defendant's motion. (DE # 52.) This

matter is now ripe for ruling.

## II.    ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment

once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however,

one of which allows a court to grant a convicted defendant compassionate release if the

defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant

a moving defendant's motion for compassionate release if: (1) the defendant has complied

with the statute's administrative exhaustion requirement; (2) "extraordinary and

compelling" reasons warrant such a reduction; (3) the court has considered the factors set

forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any

applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §

3582(c)(1)(A). Because, as explained below, defendant has failed to establish any

extraordinary and compelling reason for compassionate release, the court need not

analyze any other elements, and the motion must be denied. *United States v. Ugbah,* 4

F.4th 595, 597 (7th Cir. 2021).

The court is only authorized to grant defendant's request if there exist

"extraordinary and compelling reasons" justifying his early release. Congress did not

define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this

task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission

defines this phrase in the commentary to § 1B1.13 of the United States Sentencing

Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, for example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

Defendant argues that he has several medical conditions, specifically high cholesterol and hypertension, and that these conditions place him at an increased risk of serious illness were he to contract COVID-19. He also claims, vaguely, that he has a "compromised immune system." (DE # 43 at 3.) The court has no evidence suggesting that cholesterol levels are linked to COVID-19 illness or complications, but the CDC reports that it is possible that having hypertension can increase a person's risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE

3

CONTROL AND PREVENTION, https://www.cdc.gov/ coronavirus/2019-ncov/ need-extra-precautions/ people-with- medical-conditions.html (last visited Apr. 27, 2022). However, the record indicates that defendant's hypertension is being monitored and treated by prison staff, and that defendant takes medication for this condition. (*See, e.g.*, DE # 52-1, 52-2.)

Moreover, defendant's risk of COVID-19 infection appears remote. The BOP appears to have controlled the spread of the virus at his prison, where there are currently zero cases of COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (last visited April 27, 2022). Further, the Seventh Circuit has noted that the BOP offers COVID-19 vaccination to all federal prisoners. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021) (citing *COVID-19 Vaccine Guidance* (Mar. 11, 2021)). Accordingly, the court held, a prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.; United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Defendant's medical records reveal he has received two doses of the COVID-19 vaccine, further reducing his risk. (DE # 52 Ex. 2 at 27.)

The combination of defendant's particular health conditions, the low risk of COVID-19 at defendant's particular institution, and the availability of vaccinations leads this court to conclude that extraordinary and compelling reasons do not exist to justify

early release or home confinement in this case. Accordingly, defendant's motion is
denied.

## III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for
compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act
(DE # 43).

**SO ORDERED.**

Date: April 28, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT